UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN GRAY,

        Plaintiff,

v.

        CASE NO. 2:22-CV-10270
        HON. NANCY G. EDMUNDS

MIDLAND COUNTY JAIL, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND DIRECTING SERVICE UPON THE REMAINING DEFENDANTS**

**I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Genesee County Jail inmate TyJuan Gray ("Plaintiff") raising claims concerning his treatment while confined at the Midland County Jail in July, 2021. Plaintiff asserts that his Eighth Amendment rights were violated because he was denied proper medical care and subject to cruel and unusual punishment. Plaintiff names the Midland County Jail, Deputy Ryan Smith, Sergeant Joshua Qualls, Nurse Practitioner Joseph Mashni, and Deputy Matthew Wilkinson as the defendants in this action and sues them in their official capacities. He seeks monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

**II. FACTUAL ALLEGATIONS**

In his complaint, Plaintiff alleges that he was "neglected of medical attention and verbally assaulted while in distress" from 8:00 pm to 12:00 am in July 22, 2021 and placed in a restraint chair when he requested proper medical care. ECF No. 1,

PageID.5, 7. He further alleges that the doctor was called and that both the doctor and the defendants "suggested [he] was "faking." *Id*. at PageID.5. Lastly, he alleges that he had high blood pressure the following day and passed out from chest pains and lack of oxygen. *Id*. at PageID.8. He provides no further details of his medical condition. Plaintiff was subsequently transferred to the Genesee County Jail. *Id*.

## III. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare

assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Given this liberal pleading standard, the Court finds that the civil rights complaint is subject to dismissal in part, but that service upon certain defendants is appropriate.

First, Plaintiff's claims against the Midland County Jail must be dismissed. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that county jails, sheriff departments, and other governmental agencies are not legal entities subject to suit under § 1983. *See Von Ehl v. Saginaw Co. Jail*, No. 18-cv-11453, 2018 WL 2984662, *2 (E.D. Mich. June 14, 2018) (dismissing civil rights claims against county jail); *Edward v. Jail*, Case No. 2:16-cv-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Coopshaw v. Lenawee Cty. Sheriff's Office of Lenawee Cty.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14,

2006) (citing cases); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983); *see also Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sep. 21, 2016) (state prison and its "medical staff" are not subject to suit under § 1983); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is not a proper defendant under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983). Plaintiff's claims against the Midland County Jail must therefore be dismissed.

Second, to the extent that Plaintiff asserts that he is entitled to relief because the defendants verbally abused him, he fails to state a claim upon which relief may be granted. Allegations of verbal abuse or harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are also not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Plaintiff's claims against the defendants involving verbal harassment must therefore be dismissed.

4

Third, to the extent that Plaintiff alleges that the defendants were negligent, he fails to state a claim upon which relief may be granted. It is well-settled that claims of negligence concerning a prisoner's treatment are not cognizable in a civil rights action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Collins v. City of Harker Hgts.*, 503 U.S. 115, 127–28 (1992) (an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and does not state a claim under § 1983); *Lewellen v. Metro. Gov't. of Nashville & Davidson Co.*, 34 F.3d 345, 348 (6th Cir. 1994). Plaintiff's claims against the defendants alleging negligence must therefore be dismissed.

Fourth, to the extent that Plaintiff alleges that he was denied proper medical care, he fails to allege sufficient facts to support such a claim against the defendant deputies and sergeant. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires a prisoner plaintiff to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

In this case, Plaintiff admits that the defendant deputies and sergeant contacted medical personnel to examine him, but states that he was not treated because the doctor[1] thought he was faking illness. Plaintiff fails to allege facts which show that the

---

[1] It is unclear from the complaint if Plaintiff was examined by the defendant nurse practitioner and/or another unnamed doctor. For purposes of screening the complaint,

defendant deputies and sergeant ignored his complaint, acted with deliberate indifference, or intentionally caused him injury or pain.  While Plaintiff may disagree with the nurse practitioner and/or doctor's response, he fails to allege facts which show that the defendant deputies and sergeant acted unconstitutionally with regard to his medical care.  Plaintiff's medical care claim against the deputies and sergeant must therefore be dismissed.

Fifth, the Court nonetheless finds that Plaintiff states a potential claim for relief for the denial of medical care as to the defendant nurse practitioner.  While Plaintiff may or may not prevail on such a claim, he alleges sufficient facts to state a plausible claim for relief at this stage of the proceedings.  Consequently, this claim is not subject to summary dismissal.

Lastly, the Court finds that Plaintiff states a potential claim for relief for cruel and unusual punishment, i.e., excessive force, as to his allegation that he was placed in a restraint chair when he requested medical attention.  While Plaintiff may or may not prevail on such a claim, he alleges sufficient facts to state a plausible claim for relief against the defendant deputies and sergeant.  Consequently, this claim is not subject to summary dismissal.

### IV.  CONCLUSION

For the reasons stated, the Court concludes that the Midland County Jail is not a proper defendant in this action and that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims alleging verbal abuse against all the defendants, negligence against all of the defendants, and the denial of medical

---

the Court shall construe his allegation broadly and assume that he is referring to the nurse practitioner.

care as to the defendant deputies and sergeant.  Accordingly, the Court **DISMISSES WITH PREJUDICE** that defendant (the Midland County Jail) and those claims from this action.  The Court further concludes that Plaintiff's medical care claim against the nurse practitioner and his cruel and unusual punishment/excessive force claim against the deputies and sergeant are not subject to dismissal at this time.  Accordingly, the Court directs that a copy of the complaint and this order be served upon those remaining defendants by the United States Marshal without prepayment of costs.

    **IT IS SO ORDERED**.

                                                 s/ Nancy G. Edmunds
                                                 NANCY G. EDMUNDS
                                                 UNITED STATES DISTRICT JUDGE

Dated:  April 12,  2022