UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYJUAN GRAY, | Case No. 22-10270 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| RYAN SMITH, *et. al*, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANT MASHNI

Plaintiff TyJuan Gray filed this case without the assistance of counsel on January 31, 2022. (ECF No. 1). This case was referred to the undersigned for all pretrial matters. (ECF No. 21). This matter is presently before the Court regarding service issues for Defendant Joseph Mashni.

**I.    DISCUSSION**

On April 12, 2022, District Judge Edmunds issued an Order directing Plaintiff to provide addresses at which Defendants, including Mashni, could be served at. (ECF No. 8). Plaintiff provided an address for Mashni. (ECF No. 9). The United States Marshal Service ("USMS") acknowledged receipt of the service documents and issued a request for Mashni to waive service. (ECF No. 14). The waiver of service was returned unexecuted for Mashni on September 19, 2022.

(ECF No. 19). On October 5, 2022, the undersigned issued an Order for Plaintiff to provide an address for Mashni so that service may be effectuated. (ECF No. 25). Plaintiff provided an address for Mashni and on October 20, 2022, the Court ordered the USMS to serve Mashni at said address. (ECF Nos. 26; 27). The USMS issued summons for Mashni, which were returned unexecuted. (ECF Nos. 28; 29; 30).

On December 22, 2022, the Court issued an Order for Plaintiff to Show Cause by January 20, 2022, why Mashni should not be dismissed for failure to effectuate service. (ECF No. 31). In this Order, the Court warned that a failure to timely or adequately respond to this Order to Show Cause would result in a report and recommendation to dismiss Mashni without prejudice under Fed. R. Civ. P. 4(m) and/or Fed. R. Civ. P. 41(b). (*Id.*). This Order to Show Cause was returned as undeliverable. (ECF No. 32). Plaintiff provided Plaintiff's updated address on January 18, 2022, and the Court issued an Order to Show Cause on January 19, 2022, for Plaintiff to show cause why Mashni should not be dismissed for failure to effectuate service. (ECF No. 34). The Court warned that a failure to respond by February 16, 2023, would result in a recommendation to dismiss Mashni. (*Id.*).

To date Plaintiff has not responded to the Order to Show Cause. This case should be dismissed against Mashni for Plaintiff's failure to provide service of process information for Mashni. Federal Rule of Civil Procedure 4(m) provides

2

that if service is not effectuated within 90 days, the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is Plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

Plaintiff failed to provide the address for Mashni to be served despite being warned that failure to do so could result in dismissal of the unserved Defendant or dismissal of the case for failure to prosecute. The undersigned therefore recommends that Plaintiff's complaint be dismissed without prejudice pursuant to Rule 4(m) against Mashni. *See Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."); *see also Price v. Howard*, 2011 WL 4496661, at *3 (W.D. Mich. Sept. 27, 2011) (*pro se* prisoner's claims against John Doe defendant "dismissed without prejudice for failure to effect timely service").

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** against Defendant Mashni under Fed. R. Civ. P. 4(m).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  February 28, 2023,    s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 28, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850

5