UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN GRAY,
     Plaintiff,
     v.

RYAN SMITH, JOSHUA
QUALLS, and MATTHEW
WILKINSON,
     Defendants.
_____/

Case No. 22-10270

Jonathan J.C. Grey
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF No. 38)**

## I.    PROCEDURAL HISTORY

Plaintiff TyJuan Gray filed this case without the assistance of counsel on
January 31, 2022.  (ECF No. 1).  He sued the Midland County Jail, three
corrections officers, and a nurse practitioner for denial of medical care, verbal
abuse, and excessive force in placing him in a restraint chair.  The Midland County
Jail and the nurse practitioner were dismissed.  So were all the claims except the
claim for excessive force.  (ECF No. 7).  Remaining Defendants Smith, Qualls, and
Wilkinson moved for summary judgment on that claim in April 2023.  The motion
is now fully briefed.  (ECF Nos. 38, 47, 48).  For the reasons below, the

undersigned **RECOMMENDS** that the motion for summary judgment be

**GRANTED**.

## II.    FACTUAL BACKGROUND

Plaintiff did not allege much in his complaint.  He stated that he suffered

cruel and unusual punishment on July 22, 2021, from 8 p.m. to midnight.  (ECF

No. 1, PageID.5).  He alleged that the moving Defendants verbally abused him and

put him in a restraint chair for requesting medical care.  (*Id.*).  He was a pretrial

detainee at the time of the events alleged.

In support of their motion for summary judgment, Defendants submitted

body camera footage, affidavits, and an incident report.  In their view, Plaintiff did

not experience excessive force when they placed him in the restraint chair.  During

evening of July 22, 2021, Defendant Smith approached Plaintiff's cell on a security

round.  Plaintiff complained of feeling dizzy and having chest pains.  (ECF No. 38-

15, Smith Body Cam Video 1, 1:40-2:35).  Plaintiff tipped over, so Smith radioed

Defendant Qualls and a non-party corrections officer to bring a wheelchair.  They

transported Plaintiff to an observation cell where Smith and the non-party took

Plaintiff's vitals.  In their view, Plaintiff was clenching his arms and holding his

breath during the readings.  The nurse practitioner saw no cause for immediate

medical attention, so Plaintiff was placed in the observation cell overnight to be

monitored.  When informed of this plan, Plaintiff began yelling and pacing in the

cell.  At around 8 p.m., Qualls radioed for assistance to place Plaintiff in a restraint

chair because he was kicking and beating on the glass cell door despite commands

to stop.  Qualls pointed his taser at Plaintiff (but did not deploy it) while Smith and

the non-party placed Plaintiff in the restraint chair.  Body camera footage reveals

that this interaction was calm, as discussed more fully below.  Plaintiff was in that

chair without incident until around 10:15 p.m., when he was taken out of the chair

and put back in the observation cell.  (*See also* ECF Nos. 38-5 (Smith Affidavit),

38-6 (Qualls Affidavit)).

Defendant Wilkinson was not present during any of the interactions with

Plaintiff on July 22, 2021.

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Governing Standards

Summary judgment is mandated "after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to the party's case, and on which that party will

bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).  A motion for summary judgment shall be granted "if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might

affect the outcome under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  When evaluating a motion for summary judgment, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted).  In other words,

summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56.  Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema*, *N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

B.    <u>Discussion</u>

Defendants argue that the excessive force claim is barred by qualified immunity. They contend that the claim against Wilkinson should be dismissed because he did not participate in placing Plaintiff in the restraint chair, so Plaintiff cannot show that Wilkinson violated a clearly established right. Smith and Qualls argue that they acted reasonably when placing Plaintiff in the restraint chair, and that there is no case law holding that placing an inmate in a restraint chair in these circumstances violates a federal right. (ECF No. 38, PageID.138-41).

Plaintiff's response does not address these arguments. Instead, he asserts that Qualls verbally assaulted him and that the officers were taking his vitals without any medical training. These claims were dismissed. (ECF No. 7). He also addresses his failure to obtain former defendant Mashni's address. (ECF No. 47, PageID.209). That issue is no longer before the Court because Mashni was dismissed. (ECF No. 39).

"To prevail on an excessive force claim, a pretrial detainee must show 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Cretacci v. Call*, 988 F.3d 860, 869 (6th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). Whether force used against a pretrial detainee is objectively unreasonable "turns on the 'facts and circumstances of each particular case'" as viewed "from the perspective of a reasonable officer on the

scene, including what the officer knew at the time." *Kingsley*, 576 U.S. at 397

(quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Defendants bear the burden of establishing qualified immunity, but Plaintiff

bears the burden of showing that Defendants' conduct violated a right so clearly

established that a reasonable official in their position would have clearly

understood that they were under an affirmative duty to refrain from such conduct

or to act in a certain way. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002)

(citation omitted) (explaining that "[t]he ultimate burden of proof is on the plaintiff

to show that the defendant is not entitled to qualified immunity"). The Supreme

Court has established a two-part test to determine whether qualified immunity

applies. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The first part of the test

involves a determination of whether the facts of the case, viewed in the light most

favorable to the plaintiff, "show the officer's conduct violated a constitutional

right." *Id.* If the first question is resolved in the affirmative, then the court should

decide "whether the right was clearly established." *Id.*

A right is clearly established if, "at the time of the officer's conduct, the law

was sufficiently clear that every reasonable official would understand that what he

is doing is unlawful." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)

(internal quotations omitted). The right must be defined at the appropriate level of

specificity to determine whether it was clearly established at the time the

7

defendants acted.  *Wilson v. Layne*, 526 U.S. 603, 615 (1999) (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).  "[C]ourts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'"  *Moderwell v. Cuyahoga Cnty., Ohio*, 997 F.3d 653, 660 (6th Cir. 2021) (quoting *Wesby*, 138 S. Ct. at 590).  That said, it "defeats the purpose of § 1983 to define the right too narrowly (as the right to be free of needless assaults by left-handed police officers during Tuesday siestas)."  *Hagans v. Franklin Cnty. Sheriff's Off.*, 695 F.3d 505, 508-09 (6th Cir. 2012).  An official action need not have been held unlawful, but "in the light of pre-existing law the unlawfulness must be apparent."  *Wilson*, 526 U.S. at 615 (quoting *Anderson*, 483 U.S. at 640).  Typically, "[i]n determining whether a right was clearly established, we look first to decisions of the Supreme Court, then to our own precedents, and then to decisions of other courts of appeal, and we ask whether these precedents 'placed the . . . constitutional question beyond debate.'"  *Hearring v. Sliwowski*, 712 F.3d 275, 280 (6th Cir. 2013) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).  If both parts of the qualified immunity test are resolved in the affirmative, then the doctrine of qualified immunity does not apply, and the case can proceed.  The court may address the two factors in whichever order it considers appropriate based on several factors, not the least of which is judicial economy.  *Pearson v.*

*Callahan*, 555 U.S. 223, 227 (2009).  As the Sixth Circuit has observed, "[t]his generally means that 'we are free to consider those questions in whatever order is appropriate in light of the issues before us.'"  *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009) (quoting *Moldowan v. City of Warren*, 570 F.3d 698, 720 (6th Cir. 2009)).

Defendants argue that Wilkinson is entitled to qualified immunity because he was not personally involved in the events alleged.  To be successful against Wilkinson on the excessive force claim, Plaintiff must show that Wilkinson "(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force."  *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).  Indeed, personal involvement in a constitutional violation is a requirement for liability to attach in every 42 U.S.C. § 1983 case.  *See Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (citation omitted).  Here, there is no evidence linking Wilkinson to Plaintiff's placement in the restraint chair.  (*See* ECF No. 38-7, Wilkinson Affidavit at ¶ 3 ("I was not present, and did not participate in placing Plaintiff TyJuan Gray in the restraint chair on July 22, 2021.")).  Wilkinson should be dismissed for lack of personal involvement.

As to the remaining Defendants, the uncontested facts are that Plaintiff was agitated while in the observation cell, kicking and hitting the glass door.  The

response was to place Plaintiff in a restraint chair until his agitation subsided. Qualls' body camera Video 5 shows Qualls standing away from the cell door while Smith and a non-party opened the cell door, entered the cell, get Plaintiff up off his bed (it does not appear that they lifted him up so much as guided him up as he stood up with their hands under his arms), walked him out of the cell, and placed him in the chair.  (ECF No. 38-13, Qualls Body Cam Video 5, 0:10-0:25).  Smith's body camera Video 2 shows Smith directing Plaintiff to the restraint chair and strapping him in with the non-party officer.  (ECF No. 38-16, Smith Body Cam Video 2, 0:00-2:20).  The interaction was rather calm and benign, except for Plaintiff's verbal threats of harm to the officers.

It is unclear whether Plaintiff's claim is that the officers used excessive, physical force to put him in the chair or whether his confinement in the chair constitutes excessive force.  If it is the former, to the extent that any force was used in putting Plaintiff in the chair and applying the straps, a reasonable jury could only conclude that it was not an excessive amount of force.  If it is the latter, it is objectively reasonable for corrections officers to place an inmate who is kicking at a glass door in a restraint chair to prevent harm to the inmate and to property. Thus, a reasonable jury would conclude that, to an objectively reasonable officer, Defendants' actions were reasonable.  *See, e.g.*, *Howell v. NaphCare, Inc.*, 2021 WL 5083726, at *12 (S.D. Ohio Nov. 2, 2021) (finding that placing a detainee in a

restraint chair for four hours "was an appropriate reaction to the [officials'] perception that [the inmate] was at risk of harming himself or others"). Nor has Plaintiff pointed to any binding authority suggesting or clearly establishing that in the pretrial context, the use of a restraint chair violates the Constitution. Summary judgment should be granted to Smith and Qualls because they did not violate Plaintiff's federal rights.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (ECF No. 38) be **GRANTED** and that this case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 15, 2023.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on December 15, 2023.

s/Sara Krause
Case Manager
(810) 341-7850